

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 27, 2005

The Honorable Kurt Sistrunk
Galveston County Criminal District Attorney
722 Moody, Suite 300
Galveston, Texas 77550

Opinion No. GA-0385

Re: Whether a nonprofit organization that sponsors a "poker run" violates gambling statutes (RQ-0357-GA)

Dear Mr. Sistrunk:

You ask whether a nonprofit organization that sponsors a "poker run" violates gambling statutes.[1] We gather from material submitted with your letter that participants meet at a starting location and contribute donations to the nonprofit organization's cause. *See* Request Letter, *supra* note 1, at 1. "The number of stops along the run may vary but participants check in at each location and have to be at the last stop by a certain time." *Id.* For each $10 donation, a participant is entitled to receive a five-card hand at the last stop. *Id.* The best, second best, and worst hands win money. *See id.* (and attached flier indicating that the best hand would win $700, the second best hand would win $200, and the worst hand would win $100).[2]

You also ask us to consider that the following are true:

1. The donation is clearly just that, a donation going to the cause whatever it may be and it is given and accepted with the clear understanding that the participant has absolutely no chance to get his or her donation back. The number of "hands" you are allowed to draw at the last stop is dependent on the amount of your donation.

2. The winning prize money amount is established and in place in advance of the Poker Run and has absolutely nothing to do with the total amount of monies donated at the beginning of the Poker Run. In other words, even if only three (3) people show up and donate

---

[1]*See* Letter from Honorable Kurt Sistrunk, Galveston County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (June 28, 2005) (on file with Opinion Committee, *also available* at www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Flier announcing "Poker Run" (submitted as part of Request Letter, on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Flier].

$30.00 and have the opportunity to play their hand at the last stop, the total established winning monies are still going to be distributed. In contrast to what was stated and referenced in Opinion GA-0335, the prize money does not include any part of the money that the participant has paid. The question being has a participant made a "bet" when the tendered money is not at risk but acknowledged as that which is never going to be returned.

3. There are no chips given out after the donation is received. You merely sign up, make your donation that goes to the cause, check in at the other stops along the way and at the end you draw your cards and check your hand against the current best hand. If at the end of the night your hand is still the best then you win the set prize for best hand and the benefactor receives all the monies that were given up front at registration.

*Id.* at 1-2.

You ask whether the sponsoring nonprofit organization "is in violation of the law, particularly the gambling statutes" set forth in chapter 47 of the Penal Code. *Id.* at 1. With respect to gambling promotion, section 47.03 of the Penal Code provides in pertinent part:

> (a) A person commits an offense if he intentionally or knowingly does any of the following acts:
>
>    . . .
>
>    (3)  for gain, becomes a custodian of anything of value bet or offered to be bet . . . or
>
>    . . .
>
>    (5)  for gain, sets up or promotes any lottery or sells or offers to sell or knowingly possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery.

TEX. PEN. CODE ANN. § 47.03(a)(3), (5) (Vernon 2003).

Under the Penal Code, the term "person" "means an individual, corporation, or association," *see id.* § 1.07(38), and thus includes an individual or an organization. The phrase "for gain" means for "profit" or "excess of receipts over expenditures." Tex. Att'y Gen. Op. No. JC-0480 (2002) at 4 (quoting BLACK'S LAW DICTIONARY 686 (7th ed. 1999)). Although the event you ask about would raise money for charity, both a court and this office have concluded that a person sells or

offers to sell a raffle ticket "for gain" under the Penal Code even if the ticket proceeds are used for a charitable purpose. *See State v. Amvets Post No. 80*, 541 S.W.2d 481, 483 (Tex. Civ. App.–Dallas 1976, no writ); Tex. Att'y Gen. Op. Nos. GA-0097 (2003) at 4, JC-0480 (2002) at 4. As the court stated, "Even if all the proceeds were contributed to charity, the game would still be an enterprise undertaken 'for gain.' A gain is no less a gain if it is contributed to charity." *Amvets*, 541 S.W.2d at 483. Thus, under either section 47.03(a)(3) or (5), the nonprofit organization you describe is "a person" who acts "for gain."

In addition, a nonprofit organization sponsoring the poker run you describe sets up or promotes a lottery within the meaning of section 47.03(a)(5). *See* TEX. PEN. CODE ANN. § 47.03(a)(5) (Vernon 2003) ("A person commits an offense if he intentionally or knowingly . . . for gain, *sets up or promotes any lottery*.") (emphasis added). Under chapter 47, "lottery" means

> any scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win anything of value, whether such scheme or procedure is called a pool, lottery, raffle, gift, gift enterprise, sale, policy game, or some other name.

*Id.* § 47.01(7). In the poker run at issue, we gather that participants randomly draw a five-card hand and that prizes are awarded on the basis of the randomly drawn hands. It appears that prizes are distributed by chance among persons who have paid consideration, a $10 contribution to a charitable cause, for a five-card hand, which is a chance to win a monetary prize. Thus, a person who sets up or promotes such a scheme violates section 47.03(a)(5).

Section 47.03(a)(3) provides that a person commits an offense if he "for gain, becomes a custodian of anything of value bet or offered to be bet." *Id.* § 47.03(a)(3).[3] You ask whether a poker run participant makes a bet, *see* Request Letter, *supra* note 1, at 2 ("Is it a bet or consideration?"), and suggest that because the participant makes a donation to a charity, which the participant will not get back, and the sponsoring organization will not pay the prizes from the donations, the donations are not bets, *see id.* at 1.

Under chapter 47, "bet" means "an agreement to win or lose something of value solely or partially by chance." TEX. PEN. CODE ANN. § 47.01(1) (Vernon 2003). Based on your description, it appears that the poker run prizes are awarded on the basis of five cards drawn by the participant at random and that no cards are exchanged. Thus, the prizes are determined entirely by chance. Clearly, there is an agreement between the sponsoring organization and each participant that prizes will be awarded by chance, but you appear to question whether a participant has agreed to win or lose something of value. You note that Attorney General Opinion GA-0335 states that under chapter

---

[3]In addition, section 47.02 of the Penal Code provides in pertinent part that a "person commits an offense if he . . . plays and bets for money or other thing of value at any game played with cards, dice, balls, or any other gambling device." TEX. PEN. CODE ANN. § 47.02(a)(3) (Vernon 2003).

47 a "bet" involves not only the chance to win something of value but also "the initial giving or agreement to give something of value." Tex. Att'y Gen. Op. No. GA-0335 (2005) at 2 (quoting Tex. Att'y Gen. Op. No. JM-412 (1985) at 2); *see also* Request Letter, *supra* note 1, at 1. In other words, the participant must pay consideration, either money or another thing of value, for the opportunity to win a prize. *See* Tex. Att'y Gen. Op. No. GA-0335 (2005) at 7. In your view, making a charitable contribution is not consideration. *See* Request Letter, *supra* note 1, at 1. We disagree. Under the scenario you describe, there is an agreement between the sponsoring organization and a participant that for each $10 contribution the participant is entitled to draw a five-card hand and that the participant will win a prize if he or she has the best, second best, or worst hand. *Id.* In other words, the participant pays $10 for a chance to win a cash prize of $700, $200, or $100. *See* Flier, *supra* note 2, at 1. Even if the contribution goes to a charitable cause and the nonprofit organization will pay prizes from other money, a participant pays money for the chance to win a prize. Thus we conclude that in the circumstances set forth in your letter, the nonprofit organization would become a custodian of a bet in violation of section 47.03(a)(3).

The fact that the conduct is for a charitable purpose is pertinent only to whether it may fall within one of the narrowly drawn defenses to chapter 47 gambling offenses. Section 47.09 of the Penal Code provides that it is a defense to prosecution under chapter 47 that the conduct was authorized under the Charitable Raffle Enabling Act, chapter 2002 of the Occupations Code. *See* TEX. PEN. CODE ANN. § 47.09(a)(1)(B) (Vernon 2003). You do not ask whether the poker run you describe is a raffle authorized by the Act. We note, however, that a raffle permitted under the Act is narrowly defined as "the award of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised a thing of value *for a ticket that represents a chance to win a prize.*" TEX. OCC. CODE ANN. § 2002.002(6) (Vernon 2004) (emphasis added). The Act does not authorize raffles where prizes are awarded based on hands of cards. *See* Tex. Att'y Gen. Op. No. GA-0097 (2003) at 6 n.6 ("To fall within the Charitable Raffle Enabling Act's scope, any chance to win must be sold as a ticket."). Moreover, a prize offered or awarded at a raffle under the Act may not be money. *See* TEX. OCC. CODE ANN. § 2002.056(a) (Vernon 2004). *See generally* Tex. Att'y Gen. Op. No. JC-0480 (2002) at 1, 9 (conduct not expressly authorized by the Charitable Raffle Enabling Act would not fall within the defense to gambling offenses set forth in section 47.09(a)(1)(B) of the Penal Code); *see also* Tex. Att'y Gen. Op. No. GA-0097 (2003) at 5-6.

## S U M M A R Y

A nonprofit organization would violate Penal Code section 47.03(a)(3) and (5) by sponsoring a "poker run" in which participants are entitled to receive a five-card hand for each $10 donation they make to a charitable cause and will receive cash prizes for the best, second best, and worst hands.

Very truly yours,

GREG  A B B O T T
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee